IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHARLES EDWARDS,                       )
                                       )
    PLAINTIFF,                         )
                                       )
V.                                     )        No. 3:06-cv-434
                                       )        PHILLIPS
ASHLEY KRAHL and RONDA RATLIFF,        )
                                       )
    DEFENDANTS.                        )

**MEMORANDUM AND OPINION**

The plaintiff has filed his pro se complaint in this case alleging a claim of race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The defendants have moved for dismissal of plaintiff's suit pursuant to Rule 12(b)(6), or in the alternative, Rule 56(c) of the Federal Rules of Civil Procedure [Doc. 6]. The plaintiff has responded in opposition, and the defendants have replied. For the reasons stated below, defendants' dispositive motion [Docs. 6] is **GRANTED**.[1]

    **I.**    **Summary of the facts**

As the law requires, all disputed facts and inferences are resolved most favorably for the plaintiff. The Court merely provides an abridged summary of facts for the purposes

---

[1] The plaintiff has requested oral argument in his response. However, the Court has reviewed the briefs and evidence submitted and does not feel that oral argument is necessary. Therefore, plaintiff's request for oral argument is denied.

1

of this opinion.

Plaintiff Charles Edwards ("Edwards") was employed by ResourceMFG ("Staffing Solutions"), which is a temporary staffing company, in Knoxville, Tennessee. Edwards had informed Staff Solutions that he needed a second shift job so that he could take his wife, who has various aliments, to her doctor's appointments. Edwards was not given a second shift job, and, therefore, missed work on account of his wife's scheduled appointments, as well as on account of his own personal illnesses. In August of 2005, Edwards' employment was terminated. Edwards asserts that the decision to terminated his employment was related to his race. Edwards also claims that he was not informed that he had been fired until he "got another job threw (sic) there (sic) company," which, from the record, appears to have occurred in early September of 2005.

Defendant Ashley Krahl ("Krahl"), operations manager at Staffing Solutions, and defendant Ronda Ratliff ("Ratliff"), staffing supervisor at Staffing Solutions, dispute plaintiff's version of the facts. Defendants assert that they decided to terminate Edwards' employment on account of excessive absences in August of 2005. Both Ratliff and Krahl claim that they communicated their decision to Edwards on August 29, 2005 by telephone. Defendants assert that Edwards was removed from the employment rolls on August 28, 2005, which was his last day of employment.

On July 6, 2006, plaintiff filed an EECO charge alleging discrimination based upon race. Plaintiff asserted his claim against Staffing Solution and did not mention either

2

defendant in his charge. Thereafter, plaintiff filed his suit in this District Court.

## II. Law applicable to Rule 56 of the Federal Rules of Civil Procedure

Before the Court is a motion to dismiss or, in the alternative, for summary judgement by defendants Krahl and Ratliff. While styling the motion as one for dismissal and/or summary judgment, in its memorandum in support of the motion, the defendants argue from the summary judgment point of view. The Court notes that Fed.R.Civ.P 12(b) requires the Court to treat the motion to dismiss under Fed.R.Civ.P. 12(b)(6) as a motion for summary judgment if matters outside of the pleadings are presented to and not excluded by the Court. The Court will therefore consider the motion as only one for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted by a court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. A court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir.1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987).

Once the moving party presents evidence sufficient to support a motion under Rule

56 of the Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence, which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 220 (6th Cir.1996).

### III.    Motion for summary judgment and applicable law

Defendants assert essentially three arguments in support of their dispositive motion: (1) there is no personal liability under Title VII; (2) plaintiff did not name the defendants in his EEOC charge; and (3) plaintiff did not file his EEOC charge within 300 days of the allegedly discriminatory termination of his employment. These are addressed in turn below.

#### A.    Personal liability under Title VII

Plaintiff has filed suit against two individuals to whom he reported during his employment with Staffing Solutions. In order to maintain his suit, the plaintiff must establish that the defendants are "employers," under Title VII's framework. *Thompson v. Blount Memorial Hosp., Inc.*, No. 3:06-CV-228, 2006 WL 3098787, at *3 (E.D. Tenn. Oct. 30, 2006) (finding that "it is well-settled in the Sixth Circuit that an individual employee who does not independently qualify under the statutory definition of 'employer' cannot be held

4

personally liable under Title VII."); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001) (since the defendant was merely plaintiff's supervisor and not his employer, the defendant cannot be held individually liable under Title VII); *Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir. 1999) (finding that "numerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination."). Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b).

In the instant case, the plaintiff has not established that either of the defendants were "employers." Moreover, the plaintiff has not presented any argument in opposition to the defendants' assertion. Since plaintiff has not produced any evidence that Krahl and Ratliff are employers, the defendants have no liability under Title VII.

B. Defendants are unnamed in the EEOC charge

Even if plaintiff had shown that the defendants were "employers" within the definition of Title VII, the plaintiff's suit is barred in that he did not name the defendants specifically in his EEOC charge. A party must be named in the EEOC charge before that party may be sued under Title VII. *Knafel v. Pepsi-Cola Bottler of Akron, Inc.*, 899 F.2d 1473, 1480-81 (6th Cir. 1990) (citations omitted); *see also Garmon v. Continental Baking Co.*, No. 92-

6139, 1993 WL 262461, at *3 (6th Cir. July 8, 1993) ("because the individuals sought to be added by [plaintiff] to her complaint were not named as respondents in the EEOC charge, it was not an abuse of discretion to not allow them to be added as defendants.").

The Court has examined the plaintiff's EEOC charge, which is attached to the plaintiff's complaint, and found it void of the defendants' names. The plaintiff has not offered any defense in response to this issue. Accordingly, the plaintiff's suit against Krahl and Ratliff is also dismissible in that the plaintiff failed to name the defendants in his EEOC charge.

### C. Failure to file an EEOC charge within 300 days of termination

In a "deferral" state such as Tennessee, where charges are deemed to be dually filed with both the EEOC and the state fair employment practices agency, the Tennessee Human Right Commission, a plaintiff must file an EEOC charge within 300 days of being informed of an adverse employment action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also El-Zabet v. Nissan North America, Inc.*, 2005 WL 2206684, at *6 (E.D. Tenn. Sept. 12, 2005); *Joishy v. Cleveland Clinic Foundation*, 2001 WL 92113, at *2 (6th Cir. Jan. 25, 2001); *Tartt v. City of Clarksville*, 149 Fed. Appx. 456, 460 (6th Cir. 2005)

It is undisputed that plaintiff's EEOC charge was signed on June 30, 2006 and received on July 6, 2006. Defendants assert that the plaintiff was terminated on August 29, 2005 and that the termination was clearly communicated to the plaintiff by telephone on the

6

same day.  From a plain reading of the EEOC charge, there exists a factual dispute as to when plaintiff was notified of his termination.  If this Court is to accept the facts in the light most favorable to the plaintiff, as it must, it is possible, however unlikely, that plaintiff timely filed his EECO charge.  Without clarification of the facts, the Court is unable to hold as a matter of law that the plaintiff did not timely file his charge.  Nevertheless, plaintiff's claim is barred by the doctrines of law discussed above.

**IV.    Conclusion**

For the reasons hereinabove set forth above, defendants' motion to dismiss, or in the alternative, for summary judgment [Doc. 6] is hereby **GRANTED**.

**IT IS SO ORDERED.**

**ENTER:**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE